1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10   GREGORY BRANDON KRENZ,

11                          Plaintiff,          CASE NO. **3:21-cv-05724-RAJ-DWC**

12          v.                                  ORDER TO AMEND

13   STEVEN JACKSON,

14                          Defendant.

15

16          Plaintiff, proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 and a motion to

17   proceed *in forma pauperis* ("IFP"). Dkts. 1, 1-1. Because the complaint is deficient, this Court

18   declines to serve it but provides Plaintiff leave to file an amended complaint by November 5,

19   2021.

20          **I.      Background**

21          This Court takes the following allegations from Plaintiff's complaint and assumes their

22   truth for screening purposes.

23          Plaintiff is currently detained at the Grays Harbor County Jail as a pretrial detainee. Dkt.

24   1-1 at 2. Plaintiff sues Steven Jackson, a prosecuting attorney for Grays Harbor County. *Id.* at 3.

1   Plaintiff alleges that he is entitled to a trial within 60 business days of his arraignment but
2   that his trial is scheduled for November 2, 2021, which is "123 business days" later. *Id.* at 4–5.
3   Plaintiff adds that did not receive "a reasonable bail." *Id.* at 5.

4   Plaintiff also alleges that "on each and every last court date [he] was not made aware that
5   [his] appearance alone [was his] electronic signature." *Id.* at 6. He adds: "Without my consent
6   my signature has been added to [all] documentation provided by the prosecutor Mr. Jackson." *Id.*

7   Plaintiff alleges violations of his rights to a speedy trial and due process. *Id.* at 4, 6. For
8   relief, he seeks monetary damages, release from incarceration, dismissal of his criminal case, and
9   expungement of his criminal record. *Id.* at 9.

10   **II.   Discussion**

11   Under the Prison Litigation Reform Act ("PLRA"), this Court is required to screen
12   complaints brought by prisoners seeking relief against a governmental entity or officer or
13   employee of a governmental entity. 28 U.S.C. § 1915A(a); *O'Neal v. Price*, 531 F.3d 1146, 1152
14   (9th Cir. 2008). This Court must "dismiss the complaint, or any portion of the complaint, if the
15   complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted;
16   or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §
17   1915A(b).

18   Likewise, because Plaintiff is proceeding IFP, this Court must screen his amended
19   complaint under § 1915(e). *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).
20   Under § 1915(e)(2)(B), a district court must dismiss a prisoner's IFP case at any time if it
21   determines that the case is (i) frivolous or malicious; (ii) fails to state a claim on which relief
22   may be granted; or (iii) seeks monetary relief against a defendant who is immune from such
23   relief. *O'Neal*, 531 F.3d at 1153 (citation and internal quotation marks omitted).

24

1    The standard for determining whether a plaintiff has failed to state a claim under §

2    1915A(b)(1) and § 1915(e)(2)(B)(ii) is the same as Federal Rule of Civil Procedure 12(b)(6)'s

3    standard for failure to state a claim. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012);

4    *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). So, under § 1915A(b)(1) and §

5    1915(e)(2)(B)(ii), the district court may dismiss a complaint that fails "to state a claim to relief

6    that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has

7    facial plausibility when the plaintiff pleads factual content that allows the court to draw the

8    reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

9    556 U.S. 662, 678 (2009); *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009)

10   ("[T]o survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences

11   from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."

12   (citation and internal quotation marks omitted)).

13        "In determining whether a complaint states a claim, all allegations of material fact are

14   taken as true and construed in the light most favorable to the plaintiff." *Barnett v. Centoni*, 31

15   F.3d 813, 816 (9th Cir. 1994) (per curiam) (citation omitted). "Dismissal is proper only if it is

16   clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him

17   to relief." *Watison*, 668 F.3d at 1112 (citation omitted). There is "an obligation where the

18   petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to

19   afford the petitioner the benefit of any doubt." *Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 642

20   (9th Cir. 2018) (per curiam) (citation omitted).

21        To state a claim under § 1983, a plaintiff must show that: (1) he suffered a violation of

22   rights protected by the Constitution or created by federal statute, and (2) the violation was

23   proximately caused by a state actor. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991)

24

1  (citation omitted). The first step in a § 1983 claim is therefore to identify the specific

2  constitutional right allegedly infringed. *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 920 (2017)

3  (citation omitted).

4        Additionally, to state a claim under § 1983, a "plaintiff must plead that each Government-

5  official defendant, through the official's own individual actions, has violated the Constitution."

6  *See Iqbal*, 556 U.S. at 676; *see also Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) ("A

7  person 'subjects' another to the deprivation of a constitutional right, within the meaning of section

8  1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an

9  act which he is legally required to do that causes the deprivation of which complaint is made."

10  (citation omitted)).

11      A.    Abstention Under *Younger v. Harris*, 401 U.S. 37 (1971)

12        In *Younger*, "the Supreme Court held that a federal court may not interfere with a pending

13  state criminal prosecution absent extraordinary circumstances." *Logan v. U.S. Bank Nat. Ass'n*,

14  722 F.3d 1163, 1167 (9th Cir. 2013). "Specifically, *Younger* abstention is appropriate when: (1)

15  there is an ongoing state judicial proceeding; (2) the proceeding implicates important state

16  interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional

17  challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the

18  ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018)

19  (alterations adopted) (citation and internal quotation marks omitted). "However, even if *Younger*

20  abstention is appropriate, federal courts do not invoke it if there is a showing of bad faith,

21  harassment, or some other extraordinary circumstance that would make abstention inappropriate."

22  *Id.* at 765–66 (citation and internal quotation marks omitted).

23

24

1    Here, *Younger* applies to Plaintiff's claims for injunctive relief. Plaintiff alleges that his

2    criminal prosecution is pending, and that proceeding implicates important state interests. *See Kelly*

3    *v. Robinson*, 479 U.S. 36, 49 (1986) (citation omitted). Furthermore, Plaintiff has not alleged that

4    he cannot raise his claims in state court, such as in a pretrial motion or on direct appeal. *See Bean*

5    *v. Matteucci*, 986 F.3d 1128, 1134 (9th Cir. 2021) ("[T]he speedy trial defense primarily protects

6    the integrity of the trial itself and, like most trial rights, can be vindicated through reversal of the

7    improperly-obtained conviction." (citation and internal quotation marks omitted)). Additionally,

8    the injunctive relief petitioner seeks— release, dismissal of the charges, and expungement—

9    would effectively enjoin his prosecution.

10    Petitioner also alleges that his bail is unreasonable. Dkt. 1-1 at 5. It is unclear whether

11    Plaintiff seeks to assert a constitutional violation based on this allegation. *See id.* at 4, 6

12    (expressly asserting speedy trial and due process claims). If Plaintiff seeks to assert an injunctive

13    relief claim under the Eighth Amendment's Excessive Bail Clause, *Younger* bars this claim too.

14    *See Lazarus v. Baca*, 389 F. App'x 700, at *1 (9th Cir. 2010). Plaintiff does not allege that he did

15    not receive a "a constitutional bail hearing." *See Arevalo*, 882 F.3d at 766. Rather, he simply

16    alleges that his bail was unreasonable. So *Younger* would apply to this putative claim too.

17    B.    Prosecutorial Immunity and Failure to State a Claim

18    Prosecutors are entitled to absolute immunity from liability for damages under § 1983.

19    *See Imbler v. Pachtman*, 424 U.S. 409, 427, 430–31 (1976). This absolute immunity applies

20    when prosecutors perform "activities intimately associated with the judicial phase of the criminal

21    process," such as "initiating a prosecution and in presenting the State's case, *see id.*, or, put

22    differently, "when performing the traditional functions of an advocate," *Kalina v. Fletcher*, 522

23    U.S. 118, 131 (1997) (citations omitted).

24

1    Here, Plaintiff alleges that Defendant Jackson added Plaintiff's signature to all

2 documentation that Jackson has provided, apparently because Plaintiff's appearance alone

3 constituted Plaintiff's electronic signature. *See* Dkt. 1-1 at 6. This allegation is not fully clear.

4 However, it indicates that Plaintiff is challenging Defendant Jackson's actions in connection with

5 Plaintiff's appearances at court hearings, which implicates Jackson's advocatory functions. Thus,

6 absent clearer allegations supporting a reasonable inference that Defendant Jackson was not

7 acting in his role as an advocate when performing these actions, prosecutorial immunity bars

8 Plaintiff's claim against Jackson.

9    However, even if prosecutorial immunity does not apply, Plaintiff has failed to state a

10 facially plausible § 1983 claim against Defendant Jackson. Again, Plaintiff supports his due

11 process claim with one essential allegation: Defendant Jackson added Plaintiff's signature to all

12 documentation that Jackson has provided, apparently because Plaintiff's appearance alone

13 constituted Plaintiff's electronic signature. *See* Dkt. 1-1 at 6. Absent more supporting "factual

14 content," this one allegation does not allow this Court "to draw the reasonable inference that []

15 [D]efendant Jackson [has violated due process]." *See Iqbal*, 556 U.S. 678.

16    **III.    Conclusion**

17    Accordingly, this Court **ORDERS** as follows:

18    1.    On or before **November 8, 2021**, Plaintiff must file an amended complaint that, if

19 possible, cures the deficiencies identified in this order.

20    2.    The amended complaint must be filed on this District's § 1983 form, legibly

21 written or retyped in its entirety, and filled out completely. Furthermore, the amended complaint

22 must contain case number 3:21-cv-05724-RAJ-DWC.

23

24

3. The amended complaint will act as a complete substitute for the complaint; the Court will address only the claims alleged in it. Therefore, the amended complaint must not incorporate by reference any part of the complaint. Likewise, the amended complaint must not incorporate arguments or text from any other documents, including any exhibits. However, Plaintiff may, if he wishes, submit any exhibit necessary to support the amended complaint's allegations.

4. Plaintiff must not unjustifiably expand the scope of the case by alleging new unrelated claims or parties in the amended complaint. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

5. If Plaintiff fails to timely file an amended complaint, or if he otherwise fails to comply with this order, **this Court will recommend dismissal of this case**.

The Clerk is directed to **SEND** Plaintiff the appropriate forms for filing a § 1983 action and a copy of this order and to **RENOTE** Plaintiff's motion to proceed *in forma pauperis* (Dkt. 1) for November 8, 2021.

Dated this 7th day of October, 2021.

David W. Christel
United States Magistrate Judge