UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GREGORY BRANDON KRENZ,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN JACKSON,<br><br>Defendant. | CASE NO. **3:21-cv-05724-RAJ-DWC**<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: November 19, 2021 |

Plaintiff Gregory Brandon Krenz, a pretrial detainee, has filed a motion for leave to proceed *in forma pauperis* ("IFP") and an amended complaint under 42 U.S.C. § 1983. Dkt 1; Dkt. 4. As discussed below, it is recommended that the amended complaint be dismissed and that the IFP motion be denied as moot.

**BACKGROUND**

Plaintiff filed a § 1983 complaint. Dkt. 1-1. Because it was deficient, this Court ordered him to amend it. Dkt. 3. This Court determined that his requests for release, dismissal of his charges, and expungement were subject to an abstention under *Younger v. Harris*, 401 U.S. 37 (1971). *Id.* at 4–5. Further, this Court determined that prosecutorial immunity barred Plaintiff's

damages claim against Defendant Jackson. *Id.* at 5–6. This Court added that, even if prosecutorial immunity did not bar the damages claim, Plaintiff failed to state a facially plausible due process claim against Defendant Jackson. *Id.* at 6.

In count I of the amended complaint, Plaintiff alleges that Defendant Jackson violated his rights to a speedy trial and due process. Dkt. 4 at 4. In support, Plaintiff alleges that, although he is entitled to a trial within 60 business days of his arraignment, he had been incarcerated for 102 days when he filed the amended complaint. *Id.* Plaintiff further alleges that he pleaded guilty on November 1, 2021 and that he was first arraigned on May 3, 2021. *Id.* at 5.

In count II, Plaintiff alleges that Defendant Jackson and Grays Harbor County Superior Court violated due process because: (1) they did not make him aware that his "appearance alone is [his] electronic signature and he "never signed a piece of documentation waiving [his] speedy trial rights"; and (2) the "court" told him "that because of the pandemic [] speedy trial rights w[]ere not a thing." *Id.* at 6. Plaintiff adds that he told his attorney that he "did not want to go past [his] speedy trial." *Id.*

For relief, Plaintiff seeks damages, dismissal of the charges, and release from incarceration. *Id.* at 9.

## DISCUSSION

A.  <u>Injunctive Relief Claims</u>

As this Court explained in its order to amend, *Younger* applies to Plaintiff's requests for dismissal of the charges and release from incarceration. Dkt. 3 at 4–5. Plaintiff's conclusory allegations do not support a reasonable inference that there is "bad faith, harassment, or some other extraordinary circumstance that would make abstention appropriate [in this case]." *Id.* at 4 (citation and internal quotation marks omitted).

B. <u>Prosecutorial Immunity</u>

Plaintiff again seeks damages from Defendant Jackson. However, as this Court explained in its order to amend, prosecutorial immunity bars these claims. Dkt. 3 at 5–6. The allegations in the amended complaint do not meaningfully diverge from those in the complaint and compel the conclusion that Plaintiff challenges Defendant Jackson's "traditional functions [as] an advocate." *Id.* at 5.

C. <u>Judicial Immunity</u>

In his amended complaint, Plaintiff seeks damages based on the trial court's alleged violation his right to a speedy trial and due process. Judicial immunity bars this allegation because it clearly relates to the judicial process. *See, e.g.*, *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) ("[Courts have] long recognized judicial immunity, a sweeping form of immunity for acts performed by judges that relate to the judicial process." (citations and internal quotation marks omitted)).

D. <u>Plaintiff's Attorney</u>

Plaintiff alleges, without support, that he told his attorney that he "did not want to go past [his] speedy trial." Dkt. 4 at 6. It is unclear whether Plaintiff seeks to assert a § 1983 claim against his attorney based on this allegation. If he does, this wholly conclusory allegation is insufficient to state a facially plausible § 1983 claim. *See* Dkt. 3 at 3, 6. Furthermore, neither private attorneys nor public defenders are state actors under § 1983. *Miranda v. Clark Cty., Nev.*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc); *Briley v. State of Cal.*, 564 F.2d 849, 855–56 (9th Cir. 1977).

**IFP STATUS ON APPEAL**

Plaintiff should not be granted IFP status for purposes of an appeal of this matter. IFP status on appeal shall not be granted if the district court certifies "before or after the notice of appeal is filed" "that the appeal is not taken in good faith[.]" *See* Fed. R. App. P. 24(a)(3)(A). "The good faith requirement is satisfied if the petitioner seeks review of any issue that is not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (citation and internal quotation marks omitted). Generally, an issue is not frivolous if it has an "arguable basis either in law or in facts." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Because any appeal from this matter would be frivolous, IFP status should not be granted for purposes of appeal.

**CONCLUSION**

Accordingly, it is **RECOMMENDED** Plaintiff's amended complaint (Dkt. 4) be **DISMISSED**, with the following results:

1. Plaintiff's injunctive relief claims should be dismissed pursuant to *Younger*.

2. Plaintiff's damages claims against Defendant Jackson and the Grays Harbor County Superior Court should be dismissed with prejudice.

3. Any remaining claims should be dismissed without prejudice.

4. Plaintiff's IFP motion (Dkt. 1) should be denied as moot.

It is further **RECOMMENDED** that this case be **CLOSED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the Parties shall have **fourteen (14) days** from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on November 19, 2021 as noted in the caption.

Dated this 1st day of November, 2021.

*[signature]*

David W. Christel
United States Magistrate Judge